Quentin S. Bailey, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs, April 8, 1981, to Judges MEN-
CER, WILLIAMS, JR. and CRAIG, sitting as a panel of
three.

*Randolph W. Von Till, Jr.*, for appellant.

*Richard L. Colden, Jr.*, with him *Robert C. Bell*,
Assistant Counsel, and *Harold H. Cramer*, Assistant
Counsel, *Ward T. Williams*, Chief Counsel, Transpor-
tation, and *Jay C. Waldman*, General Counsel, for
appellee.

OPINION BY JUDGE WILLIAMS, JR., June 17, 1981:

This appeal is from an order of the Court of Com-
mon Pleas of Chester County dismissing the appeal of
Quentin S. Bailey whose operator's license was or-
dered suspended for six (6) months by the Secretary
of Transportation for refusing to submit to a breath-
alyzer test under Section 1547 of the Vehicle Code, 75
Pa. C. S. §1547. Appellant contends that he was phys-
ically unable to perform the breathalyzer test and

points to his own intoxication as the reason for his physical incapacity.

Whether a driver has refused to submit to a breathalyzer test is a factual question and not a legal one. *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973).

The record in the instant case shows that appellant was stopped and arrested in Radnor Township on June 2, 1979 for driving under the influence of alcohol. He was transported to the Radnor Township police station and asked to submit to a breathalyzer test. It was the testimony of the arresting officer that appellant initially refused, but then later agreed to do so. Once the machine was made ready for operation, appellant again refused to submit to the test. However, appellant then changed his mind and agreed to take the test but proceeded to blow into the mouthpiece of the machine without sealing his lips. The officer further testified that appellant attempted to blow into the machine twice more but continued to blow air out of the sides of his mouth after being instructed each time how to properly blow into the machine. After the third time, appellant said he was not going to try it any more. Additionally, the officer testified that it was his opinion that appellant was not making a good faith effort to take the breathalyzer test. In light of these facts, we believe the lower court properly concluded that the Commonwealth had presented evidence sufficient to establish a refusal by appellant.

The record further shows that after the presentation of evidence by the Commonwealth and the ruling by the lower court that a refusal had been established, the court asked counsel for appellant to produce evidence. Counsel indicated that he saw no reason to present any evidence.

In sustaining the suspension of appellant's license, the lower court relied upon this Court's prior decision

in *Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975). There we held that after the Commonwealth has proven a refusal to submit to a breathalyzer test, the burden then shifts to the defendant to prove by competent evidence that he was physically unable to submit to the test. In the case at bar, appellant's counsel declined to present evidence to support the assertion that appellant was physically unable to take the test.

For the reasons set forth, we affirm the order of the lower court.

ORDER

AND Now, the 17th day of June, 1981, Order of the Court of Common Pleas of Chester County, dated February 7, 1980, at No. 275-P, Misc., is hereby affirmed.